# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

WASHINGTON KIM,

      Plaintiff,

      v.

COLUMBIA COUNTY CHILDREN
AND YOUTH SERVICES,

      Defendant.

CIVIL ACTION NO. 4:15-cv-02331

(BRANN, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

This matter comes before the Court on the defendant's motion for sanctions and dismissal of this action under Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure. (Doc. 40). For the reasons set forth herein, we recommend that the motion be granted and the action be dismissed with prejudice as a sanction for the plaintiff's refusal to appear for his own deposition.

## I.   BACKGROUND

The plaintiff, Washington Kim, initiated this action by filing his *pro se* complaint on December 3, 2015. (Doc. 1). In his complaint, Kim alleged that the defendant, Columbia County Children and Youth Services, deprived him of his parental rights, in violation of the Fourteenth

Amendment to the United States Constitution.[1] On December 30, 2015, Kim was granted leave to proceed *in forma pauperis* in this action. (Doc. 7).

On March 8, 2016, the defendant appeared and filed its original answer to the complaint. (Doc. 12). On May 20, 2016, the defendant filed an amended answer to the complaint. (Doc. 20).

On June 10, 2016, the defendant properly noticed a deposition of the plaintiff to take place in Columbia County, Pennsylvania. (Doc. 22, at 7–8). In response, Kim telephoned the office of defense counsel on June 13, 2016, and advised that he would not appear for a deposition in Columbia County. (*Id.* at 11). On June 15, 2016, defense counsel responded to Kim in writing that the deposition location was appropriate under the federal rules and that he intended to move forward with the deposition as scheduled. (*Id.*).

On June 23, 2016, Kim filed a motion for a protective order, arguing that travel to and from Columbia County would be unduly burdensome to him. (Doc. 21). On July 11, 2016, Kim failed to appear for his properly

---

[1] *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions).

noticed deposition. (Doc. 24, at 40–45). On July 14, 2016, after Kim failed to appear to be deposed, the defendant filed a motion to compel Kim to appear in Columbia County for his deposition on a rescheduled date. (Doc. 24). On August 1, 2016, we denied Kim's motion for a protective order and granted the defendant's motion to compel, expressly ordering Kim to appear for a deposition in Columbia County on August 8, 2016. (Doc. 27; Doc. 28).[2]

In the interim, on July 6, 2016, Kim had filed a combined motion for oral argument and to demand a jury trial (Doc. 23), and on July 19, 2016, he filed a motion for a hearing before this court sitting *en banc* (Doc. 26). On August 1, 2016, we entered an order summarily granting in part and denying in part his July 6th motion: we denied his request for oral

---

[2] As we previously noted, "a non-resident plaintiff who elects to sue in a foreign forum is required to make himself available to examination for discovery purposes in such forum in the absence of a showing of unreasonable hardship or the presence of exceptional circumstances." *Hart v. Simons*, 29 F.R.D. 146, 147 (E.D. Pa. 1961). Moreover, an "unsubstantiated averment of financial hardship is insufficient to establish that [a plaintiff] will suffer an unreasonable hardship by complying with defendant's request that [he] appear for a deposition in the forum in which [he] commenced [his] action." *Karakozova v. Trs. of Univ. of Pa.*, Civil Action No. 09-02564, 2010 WL 3768351, at *2 (E.D. Pa. Sept. 28, 2010).

argument and granted his motion to demand a jury trial.[3] (Doc. 29).
We also entered an order summarily denying his motion for a hearing *en banc*. (Doc. 30).

On August 3, 2016, Kim filed a notice of interlocutory appeal from our several Orders of August 1, 2016, and an emergency motion to stay these proceedings in the district court pending resolution of his interlocutory appeal. (Doc. 31; Doc. 32). On August 4, 2016, we denied the motion for a stay, reiterating our order that Kim appear and be deposed in Columbia County on August 8, 2016. (Doc. 34).

On August 8, 2016, Kim failed to appear for his deposition as ordered. (Doc. 41-2). On August 19, 2016, the defendant filed the instant motion for sanctions and dismissal of this action under Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure. (Doc. 40). In accordance with our local rules, the defendant filed a brief in support of the motion that same day. (Doc. 41). The defendant's motion papers explicitly discussed the potential dismissal of this action under Rules 37(d) and 41(b) and

---

[3] Kim's original *pro se* complaint did not include a jury demand. We construed his motion as an untimely written demand for a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and our order effectively granted him leave to file the demand *nunc pro tunc*.

application of the various factors set forth by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). (*Id.*). Kim failed to file a timely brief in opposition to the motion, as required by Local Rule 7.6.

On November 14, 2016, the Third Circuit dismissed Kim's interlocutory appeal for lack of appellate jurisdiction. (Doc. 47).

On November 15, 2016, we entered an order expressly directing Kim to file a brief in opposition to the defendants' motion for sanctions on or before November 29, 2016. (Doc. 50). In that order, we advised Kim that failure to file an opposition brief would result in the motion being deemed unopposed under the local rules. (*Id.*). As of this date, Kim has failed to file a brief in opposition to the motion as ordered, or to otherwise respond to the defendant's motion or the court's orders.

## II.   LEGAL STANDARD

Under the federal rules, if a party fails to attend his own deposition after being served with proper notice, the court may impose any sanction listed in Rule 37(b)(2)(A)(i)–(vii). Fed. R. Civ. P. 37(d)(3). Under this rule, when imposing a sanction, the court may issue "further just orders," including:

> (i.) directing that . . . designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii.) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii.) striking pleadings in whole or in part;
>
> (iv.) staying further proceedings until the order is obeyed;
>
> (v.) dismissing the action or proceeding in whole or in part; [or]
>
> (vi.) rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi). Moreover,

> [i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

> Rule 37 sanctions are contemplated when there has been virtually total noncompliance with discovery. Yet, a direct order by the Court, as Rule 37(a) and (b) requires, is not a necessary predicate to imposing penalties under Rule 37(d). When it has been determined that a party has willfully failed to comply with the rules of discovery, it is within the discretion of the trial court to dismiss the action. Litigants may oppose discovery requests by seeking a protective order from the court; they cannot be

> permitted to frustrate discovery by refusing to comply with a proper request. The dismissal sanction, although severe, is a necessary tool, both to punish in the individual action and to deter future abuses in the discovery process.

*Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35–36 (3d Cir. 1979) (citations omitted).

Rule 41(b) further permits a district court to dismiss a plaintiff's case for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). "Such dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 Fed. App'x 371, 373 (3d Cir. 2005).

## III. DISCUSSION

Kim has repeatedly failed to meet his obligations under the Federal Rules of Civil Procedure, the Local Rules of this Court, and specific orders by this Court directing him to respond to motions by the defendant and to appear for a deposition. The defendant has moved for dismissal of this action under Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure.

When considering dismissal under Rule 37(d) or Rule 41(b), a court

must balance the following six factors:

> (1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original).[4]

In exercising this discretion, there is no "magic formula" or "mechanical calculation" to determine whether the case should be dismissed. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "While 'no single *Poulis* factor is dispositive,' we have also made it clear that 'not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.'" *Briscoe*, 538

---

[4] We note that the plaintiff has failed to oppose the defendants' motion for sanctions whatsoever. Our local rules provide that a motion will be deemed unopposed if the non-movant fails to file a brief in opposition. *See* L.R. 7.6. Moreover, the plaintiff failed to comply with subsequent orders by this Court explicitly directing him to respond to the motion. Notwithstanding Kim's failure to expressly oppose the motion and the effect of that failure under the local rules, the Court is required to consider the several *Poulis* factors before imposing the sanction of dismissal. *See Hernandez v. Palakovich*, 293 Fed. App'x 890, 895–96 (3d Cir. 2008).

F.3d at 263 (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003), and *Mindek*, 964 F.2d at 1373).

The first *Poulis* factor weighs in favor of dismissal. It is indisputable that that the total failure to abide by legal responsibilities has been the fault of the *pro se* plaintiff himself, and not the fault of counsel (he has none) or elements outside of his control. Kim has consistently and actively refused to cooperate with opposing counsel in discovery or comply with the express orders of this Court directing him to submit himself to a discovery deposition, and thus the culpability in this circumstance rests entirely with the plaintiff.

The second *Poulis* factor weighs in favor of dismissal, albeit marginally. "Generally, prejudice includes 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Briscoe*, 538 F.3d at 259. But "prejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" *Id.* (citations omitted). In failing to attend his deposition, Kim has actively prejudiced the defendant from being able to defend Kim's civil

rights claim against it. This alone has justified dismissal under Rule 37(d) and tends to favor dismissal under the second *Poulis* factor. *See, e.g.*, *Barnett & Son*, 611 F.2d at 35–36. Here, however, this factor only marginally favors dismissal because the merits of this case pivot on the defendant's Eleventh Amendment immunity to damages and the mootness of any injunctive relief, rather than the scope of Kim's claims or the specific facts upon which he relies.

The third *Poulis* factor weighs in favor of dismissal. "[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261. But "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Id.* at 260. On July 11, 2016, Kim failed to appear for his deposition as originally noticed by the defendant. He also failed to timely serve the defendant with his initial disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure.[5] On August 1, 2016, we expressly

---

[5] The defendant subsequently requested that he provide the required initial disclosures, and Kim failed to do so. The defendant has not filed a Rule 37(a) motion requesting a court order directing Kim to comply with this particular discovery obligation, focusing instead on Kim's deposition.

*(continued on next page)*

ordered Kim to appear for his deposition on August 8, 2016. On August 3, 2016, Kim filed a notice of appeal from several non-appealable interlocutory orders and an emergency motion to stay these district court proceedings. On August 4, 2016, we denied the motion for a stay and once again expressly ordered Kim to appear and be deposed. On August 8, 2016, Kim failed to appear for his deposition as properly noticed by the defendant and expressly ordered—twice—by this Court. The defendant subsequently moved for dismissal of this action and Kim failed to file a timely brief in opposition. On November 15, 2016, we entered an order expressly directing Kim to file a brief in opposition to the defendant's motion on or before November 29, 2016, and Kim failed to do so. The entire history of this action has been characterized by a pattern of consistent delay and non-compliance by the plaintiff, militating in favor of dismissal. *See Poulis*, 747 F.2d at 868; *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (finding a history of dilatory conduct where plaintiff repeatedly requested stays and failed to comply with court mandated deadlines).

---

We nevertheless find this failure by Kim to satisfy his obligations under the federal rules to be part of his larger pattern of dilatoriness.

The fourth *Poulis* factor weighs in favor of dismissal.

> Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Generally, "willfulness involves intentional or self-serving behavior." If the conduct is merely negligent or inadvertent, we will not call the conduct "contumacious."

*Briscoe*, 538 F.3d at 262 (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994)) (citations and brackets omitted). Here, Kim not only failed to appear for a properly noticed deposition, but he failed to comply with two separate orders by this Court expressly directing him to appear to be deposed on a second date. Moreover, in addition to the opportunity to respond to the defendant's motion ordinarily afforded under the local rules, we expressly ordered Kim to respond to it. In the defendant's motion papers, Kim was explicitly warned that this action might be dismissed for his failure to appear and be deposed. He nevertheless failed to respond. The plaintiff having been provided with a full and fair opportunity to present reasons why he did not appear to be deposed and why this action should not be dismissed, the plaintiff having failed utterly to provide any such reason, and based on the record before us, we find that Kim willfully refused to appear and be

deposed as required under the federal rules. *See Briscoe*, 538 F.3d at 262.

The fifth *Poulis* factor weighs in favor of dismissal.

> A District Court must consider the availability of sanctions alternative to dismissal. Where an attorney has caused the delay and noncompliance in the proceedings, [the Third Circuit] ha[s] noted that "under the Federal Rules of Civil Procedure and the 1983 amendments, the district court is specifically authorized to impose on an attorney those expenses, including attorneys' fees, caused by an unjustified failure to comply with discovery orders or pretrial orders." However, where a plaintiff is proceeding pro se, and moreover, is proceeding in forma pauperis, [the Third Circuit] ha[s] upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, "would not be an effective alternative."

*Id.* at 262–63 (quoting *Poulis*, 747 F.2d at 869, and *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002)) (citations and brackets omitted). Here, Kim is proceeding both *pro se* and *in forma pauperis*. Because he is *pro se*, he has no attorney upon whom this Court could impose expenses for failing to comply with the Court's orders and with his discovery obligations under the federal rules. Because he is *in forma pauperis*, we conclude that monetary sanctions, including an attorney's fees award, would not be an effective alternative sanction, particularly in light of his past history in this case of noncompliance with court orders and obligations imposed by the federal and local rules. *See Briscoe*, 538 F.3d at 263; *Emerson*, 296 F.3d

at 191.

The sixth and final *Poulis* factor weighs most heavily in favor of dismissal. In this action, it is clear that the plaintiff's case has no arguable merit whatsoever. The sole defendant in this action is an arm of the Pennsylvania state courts and thus immune from claims for damages under the Eleventh Amendment to the United States Constitution. *See Wattie-Bey v. Attorney Gen.'s Office*, 424 Fed. App'x 95, 97–98 & n.2 (3d Cir. 2011) (per curiam).[6] Meanwhile, the injunctive relief requested by the plaintiff—an order directing the defendant to release his child, P.K., into his custody—is now moot in light of the February 2016 state court order returning full legal and physical custody over the child to Kim, her father. (*See* Doc. 20, at 12–13). Moreover, "[t]he plaintiff cannot refuse to cooperate with this discovery, which would address the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to sanction him for this refusal to participate in

---

[6] Although we are obligated to liberally construe the pleadings of *pro se* litigants, *see generally Mala*, 704 F.3d at 244–46, we have declined to construe the complaint as one asserting these same claims against individual officials employed by the defendant agency, as child welfare caseworkers enjoy absolute immunity with respect to custody determinations undertaken in the context of a judicial proceeding. *See B.S. v. Somerset Cty.*, 704 F.3d 250, 265–66 (3d Cir. 2013).

discovery." *Nowland v. Lucas*, Civil No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012).

Ultimately, the balance of *Poulis* factors, considered together, clearly weigh heavily against the plaintiff and in favor of dismissal. Accordingly, we recommend that this civil action be dismissed with prejudice as a sanction for the plaintiff's refusal to appear for his own deposition, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.

## IV.   RECOMMENDATION

For the forgoing reasons, it is recommended that:

1.    The defendants' motion for sanctions and dismissal of this action under Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure (Doc. 40) be **GRANTED**;

2.    This action be **DISMISSED WITH PREJUDICE** for failure to appear for his own properly noticed deposition, pursuant to Fed. R. Civ. P. 37(d); and

3.    The Clerk be directed to **CLOSE** this case.

Dated: December 19, 2016          *s/ Joseph F. Saporito, Jr.*
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

WASHINGTON KIM,

      Plaintiff,

      v.

COLUMBIA COUNTY CHILDREN
AND YOUTH SERVICES,

      Defendant.

CIVIL ACTION NO. 4:15-cv-02331

(BRANN, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated December 19, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: December 19, 2016                 ***s/ Joseph F. Saporito, Jr.***
                                         JOSEPH F. SAPORITO, JR.
                                         United States Magistrate Judge