IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WASHINGTON KIM, | : | Civil Action No. 4:15-CV-2331 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| COLUMBIA COUNTY CHILDREN | : | |
| AND YOUTH SERVICE, | : | |
| | : | (Magistrate Judge Saporito) |
| Defendant. | : | |

**ORDER**

February 15, 2017

Plaintiff, Washington Kim, filed a complaint on December 3, 2015, naming as Defendant the Columbia County Children and Youth Service.  Because he is proceeding *pro se,* Plaintiff's case was jointly assigned to Magistrate Judge Joseph F. Saporito.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1]  Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written

---

[1] 28 U.S.C. 636(b)(1)(B).

objections.[2] When objections are timely filed, the District Court must conduct a *de novo* review of those portions of the report to which objections are made.[3] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the district court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[4]

The current procedural posture is a Motion for Sanctions by Defendant requesting that the Court dismiss the action with prejudice. Magistrate Judge Saporito issued a comprehensive and well-written report and recommendation on December 19, 2016, ECF No. 52, recommending that the request be granted.

For portions of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[5] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations

---

[2] 28 U.S.C. 636(b)(1).

[3] 28 U.S.C. § 636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir.2011).

[4] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[5] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

made by the magistrate judge.[6]

Because I write only for the parties, I will conserve judicial resources and not rehash the report and recommendation. The report and recommendation will be adopted in full and the matter dismissed with prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Joseph F. Saporito's Report and Recommendation is ADOPTED in full. December 19, 2016, ECF No. 52.

2. Defendant's Motion for Sanctions is GRANTED to the extent of this Order adopting the report and recommendation. August 19, 2016, ECF No. 40.

3. The action is dismissed with prejudice and final judgment is to be entered in favor of Defendant and against Plaintiff.

4. The Clerk is directed to close the case file.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.